UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| **FATMA KARIMOVA**, *Individually and on behalf of All Others Similarly Situated*, <br><br> Plaintiff(s), <br><br> v. <br><br> **SPRING HOMECARE CORPORATION dba SPRING HOME CARE CORPORATION**, <br> 5101 G Backlick Rd. Unit C 27 <br> Annandale, VA 22003-0000 <br><br> and <br><br> **SHAKIBA HAKAMI**, <br> 7984 Sabina Ct. <br> Springfield, VA 22153 <br><br> Defendant(s). | Civil Action No. _____ <br><br><br> **TRIAL BY JURY DEMANDED** |

## COMPLAINT

COMES NOW, Plaintiff Fatma Karimova ("Plaintiff"), by and through her undersigned counsel and moves this Honorable Court for judgment against the Defendants, Spring Homecare Corporation dba Spring Home Care Corporation ("SHCC") and Shakiba Hakami ("Ms. Hakami") (SHCC and Ms. Hakami, collectively, "Defendants"), for damages and other relief relating to violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA"). Plaintiff, on behalf of herself and all others similarly situated, states the following as her claims against Defendants:

### Overview

1. Plaintiff brings claims to recover unpaid overtime compensation under the FLSA. She

1

brings these claims on her own behalf, and as a collective action on behalf of all current or former similarly situated home health aides and/or personal care assistants, who may choose to opt in to this action under 29 U.S.C. § 216(b).

2.     As described below, Defendants failed to pay Plaintiff and those similarly situated 1.5 times their regular rate of pay for all hours worked over forty (40) in a workweek.  By doing so, Defendants have violated the FLSA.

## Parties

1.     Plaintiff is, and at all times relevant hereto, an adult resident of the Commonwealth of Virginia, specifically residing in Fairfax County.

2.     Plaintiff is an employee of Defendants as a Home Health Aide ("HHA") and/or Personal Care Assistant ("PCA") from approximately August 2019 to July 2020.

3.     Pursuant to 29 U.S.C. § 216(b), Plaintiff consents in writing to be a party to the FLSA claims asserted.  Plaintiff's consent form is attached as **Exhibit A**, and incorporated herein by such reference.

4.     Plaintiff and those similarly situated are or were employees of Defendants within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

5.     Defendant, SHCC, is a Virginia corporation with locations within the Commonwealth of Virginia and is licensed to transact business within the Commonwealth of Virginia.  Their principle office is located in Annandale, Virginia in Fairfax County.

6.     SHCC is a home health care agency that provides in-home health care services and related personal care assistant services for children and adults primarily in the Commonwealth of Virginia.

7.     SHCC is or has been an enterprise engaged in commerce or in the production of goods or services for commerce within the meaning of 29 U.S.C. § 203(s)(1), and, upon information and

belief, has had an annual gross volume of sales made or business done of not less than $500,000.00 at all relevant times as it employs in excess of one hundred (100) HHAs or PCAs.

8. At all times, Ms. Hakami, individually, held a substantial ownership and financial interest in SHCC and its business operations.

9. At all times, Ms. Hakami, individually, was the most senior officer and manager of SHCC and had substantial control to make business decisions affecting SHCC's business operations and the employees working for SHCC.

10. Ms. Hakami oversaw and controlled SHCC' employee's work schedules and work hours.

11. Ms. Hakami set and had the power to change SHCC employee's rate and method of pay.

12. At all times, Ms. Hakami, decided to not pay SHCC HHA/PCA employees at the FLSA required time-and-one-half rate for overtime hours employees worked over forty (40) each week.

13. At all relevant times, both SHCC and Ms. Hakami were, and have been, "employers" of Plaintiff and those similarly situated within the meaning of the FLSA, 29 U.S.C. § 203(d).

14. Plaintiff, and all those similarly situated, are or were individual employees engaged in commerce or in the production of goods or services for commerce.  29 U.S.C. § 207.

15. Defendant, Ms. Hakami, is the owner and operator of SHCC.  Upon information and belief, she lives in the Commonwealth of Virginia.

16. Plaintiff worked principally in Fairfax County, Virginia while an employee of Defendants.

## Jurisdiction and Venue

17. This Court has subject matter jurisdiction under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331, because Plaintiff's claims arise under the Fair Labor Standards Act.

18. This Court has personal jurisdiction over Defendants because Defendants are domiciled in and regularly conduct business in the Commonwealth of Virginia.

19.    Venue is proper in this District under 28 U.S.C. § 1391(b)(1) because Defendants reside within this District, and under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims occurred in this District.

## Statement of Facts

20.    Plaintiff and those similarly situated work or worked for Defendants as HHA/PCAs to provide companionship and related in-home care services for Defendants' clients.

21.    Defendants knowingly suffered and permitted Plaintiff and those similarly situated to regularly work more than forty (40) hours in workweeks.

22.    During her employment with Defendants, Plaintiff often worked around fifty (50) (or more) hours per week.

23.    At all times, Defendants have had actual knowledge of all hours Plaintiff and those similarly situated worked because Plaintiff and those similarly situated submit weekly time sheets to Defendants' offices and Defendants affirm the accuracy of these records an submit the same records to the Federal Government and other third parties for payment and/or reimbursement.

24.    Plaintiff and those similarly situated were not compensated in accordance with the FLSA because they were not paid proper overtime wages and the required time-and-one-half rate for all hours more than forty (40) per workweek.

25.    Specifically, rather than paying them 1.5 times their regular rate of pay for all hours worked over forty (40) in a workweek, which is required by the FLSA, Defendants paid Plaintiff and those similarly situated only "straight time" (for a time at hourly rates and later at annual salary rates) for overtime worked over forty (40) hours per week.  *See* 29 U.S.C. § 207.

26.    By way of example as to Plaintiff, for the two (2) week pay period spanning December 23, 2019 through January 5, 2020, Plaintiff worked one hundred seven (107) hours. Plaintiff was paid

$10.00 per hour for all one hundred seven (107) hours, as reflected in **Exhibit B**, attached hereto and incorporated by such reference. As reflected in **Exhibit B**, Plaintiff's hours worked were identified only by the aggregate number of hours worked over two weeks, as opposed to how many hours worked in a single week. At the very minimum, Plaintiff should have been paid overtime pay at a rate of $15.00 per hour (1.5 x normal rate of $10.00 per hour) for the twenty seven (27) hours of overtime, assuming that Plaintiff worked a minimum of forty (40) hours in each week of the pay period. Plaintiff was deprived overtime pay at $15.00 per hour (1.5 x normal rate of $10.00 per hour) for at least twenty seven (27) hours and is owed, at the minimum, $135.00 in unpaid wages during such pay period (27 hours x $15.00 – 27 hours x $10.00).

27. In what appears to be an effort to not raise suspicion as to unpaid overtime wages, Defendants concocted a scheme to use multiple timesheets (Provider Aide Records) in a week that individually would not identify more than forty (40) hours in a one (1) week time span. By way of example as to Plaintiff, for the one (1) week period spanning December 30, 2019 through January 5, 2020, Defendants used two (2) separate timesheets (Provider Aide Records). The first timesheet (Provider Aide Record) identified Plaintiff working 14 hours, with a time in at 8am and time out at 10am. The second timesheet (Provider Aide Record) identified Plaintiff working 35 hours, with a time in at 10am and time out at 3pm. These timesheets (Provider Aide Records), with redactions to patient-identifiable information, is attached hereto as **Exhibit C** and incorporated herein by such reference.

28. In addition to tracking Plaintiff's overtime hours via Provider Aide Records, Defendants also required Plaintiff to check-in and check-out of work by calling from each client's telephone upon arrival to and departure from each assignment.

29. Defendants owe Plaintiff overtime wages for at least 469 overtime hours worked from

approximately August 2019 to July 2020, equating to $2,345.00 in unpaid wages (469 hours x $15.00 – 469 hours x $10.00), as identified in the spreadsheet attached hereto as **Exhibit D**, and further support by Plaintiff's Affidavit attached hereto as **Exhibit E**, both incorporated herein by such reference.

30. At all times during Plaintiff's period of employment, Defendants had actual knowledge of the FLSA time-and-one-half overtime requirement.

31. Defendants had actual knowledge of their failure to pay Plaintiff and those similarly situated at the FLSA required time-and-one-half rate for overtime hours worked more than (40) per week constituted a direct violation of the FLSA overtime pay requirement.

## COLLECTIVE ACITON ALLEGATIONS

32. Plaintiff brings this action individually and on behalf and all similarly situated individuals.

33. Upon recent inquiry by Plaintiff to Defendants as to why she was not compensated $15.00 per hour (her overtime rate) for any hours she worked over forty (40) in a workweek, let alone over eighty (80) hours in a two (2) week timespan, Defendants expressly stated that no HHC and/or PCA "receives overtime pay" from SHCC.

34. Plaintiff employs over one hundred (100) HHC and/or PCAs.

35. Plaintiff seeks certification of the following FLSA collective:

> All current or former Home Health Aides, Personal Care Assistants, or other similar job titles, who work or have worked for Defendants, and, at any time during the three (3) years prior to the filing of this Complaint through the entry of judgment, worked more than forty (40) hours in a week and were not paid by Defendants at the time-and-one-half rate for overtime hours worked more than forty (40) in that week (the "FLSA Collective").

36. Pursuant to the FLSA, 29 U.S.C. § 207, employers are generally required to pay overtime compensation at a rate of 1.5 times an employee's regular rate of pay for hours worked over forty (40) in a workweek.

37. The FLSA contains an exemption from overtime for "domestic workers" who provide companionship and other services to individuals who were unable to care for themselves, and also states an exemption for live in domestic service workers. See 29 U.S.C. §§ 213(b)(21) and 213(a)(15).

38. In October 2013, the United States Department of Labor determined that these exemptions do not apply to domestic-service workers employed by third –party agencies or employers.

39. Beginning on January 1, 2015, the regulations provide that domestic-service workers employed by third-party agencies or employers are not exempt from the FLSA's minimum wage and overtime requirements. 29 C.F.R. § 442.109(a).

40. As of January 1, 2015, all domestic-service workers employed by third-party agencies or employers are entitled to overtime compensation at an hourly rate of 1.5 times the employee's regular rate of pay for hours worked over forty (40) in a work week.

41. Since January 1, 2015, Plaintiff and those similarly situated have worked more than forty (40) hours per workweek for Defendants without receiving proper overtime compensation for their overtime hours worked.

42. Because of Defendants' failure to pay Plaintiff and those similarly situated the overtime compensation required by law, Defendants have violated the provisions of the FLSA, 29 U.S.C. § 207 and 215(a)(2).

43. Defendants knowingly, willfully, or in reckless disregard of the law, maintained an illegal practice of failing to pay Plaintiff and the FLSA Collective proper overtime compensation for all hours worked over forty (40).

## CAUSE OF ACTION

**UNPAID OVERTIME WAGES**
**FAIR LABOR STANDARDS ACT – 29 U.S.C. § 201, *et seq*.**

(On Behalf of Plaintiff and the FLSA Collective against all Defendants)

44. Plaintiff hereby incorporates by reference and re-alleges each of the allegations contained in all paragraphs of this Complaint.

45. Pursuant to the FLSA, 29 U.S.C. § 207, employers are generally required to pay overtime compensation at a rate of 1.5 times an employee's regular rate of pay for hours worked over forty (40) in a workweek.

46. Defendants suffered and permitted Plaintiff and those similarly situated to routinely work more than forty (40) hours in a workweek without proper overtime compensation as required by the FLSA, 29 U.S.C. § 201 *et seq*. and its implementing regulations.

47. Plaintiff, herself, is owed <u>at least</u> $2,345.00 in unpaid wages, plus an equal amount in liquidated damages, pursuant to 29 U.S.C. § 216(b).

48. Defendants knew, or showed reckless disregard of the fact, that it failed to pay these individuals proper overtime compensation in violation of the FLSA.

49. Defendants' failure to comply with the FLSA overtime protections caused Plaintiff and those similarly situated to suffer loss of wages and interest thereon.

50. Pursuant to 29 U.S.C. § 216(b), Plaintiff and those similarly situated are entitled to unpaid overtime, liquidated damages, pre- and post-judgment interest, and attorney fees and costs, under the FLSA.

## **RELIEF SOUGHT**

**WHEREFORE**, the premises considered, Plaintiff, individually and on behalf of those similarly situated, respectfully prays for relief as follows:

A. Permitting this case to proceed as a collective action under § 216(b) of the FLSA and ordering notice to the putative plaintiffs at the earliest opportunity to ensure their claims

are not lost to the FLSA statute of limitations;

B. Judgement against Defendants, jointly and severally, for violation of the overtime provisions of the FLSA;

C. Judgment that Defendants' violations of the FLSA were willful;

D. An award to Plaintiff and those similarly situated in the amount of unpaid overtime wages and liquidated damages;

E. An award of pre- and post-judgment interest;

F. An award of reasonable attorneys' fees and costs to be determined by post-trial petition;

G. Leave to add additional plaintiffs by motion, filing of written consent forms, or any other method approved by the Court; and

H. Such further relief as may be necessary and appropriate.

Dated: August 20, 2020 

Respectfully submitted,

By Counsel

/s/ Robert Powers_____
Robert Powers, Esq.
Andrea Harris, Esq.
MCCLANAHAN POWERS, PLLC
8133 Leesburg Pike, Suite 130
Vienna, VA 22182
Telephone: (703) 520-1326
Facsimile:  (703) 828-0205
Email: rpowers@mcplegal.com
           aharris@mcplegal.com
           pghale@mcplegal.com
*Counsel for Plaintiff and the FLSA Collective*

## **CERTIFICATE OF TRANSMISSION**

       I hereby certify that the forgoing COMPLAINT with EXHIBITS are being electronically transmitted via the CM/ECF system of the U.S. District Court for the Eastern District of Virginia at https://ecf.vaed.uscourts.gov/ on the date noted below. The requisite filing fee of $400.00 and any additional fees related to this matter are being charged to an American Express credit card concurrently with this filing.

Date: August 20, 2020	By:/s/ _Robert Powers_____
                                                       One of the Attorneys for Plaintiff
                                                       and the FLSA Collective